## Farmers Bank of Abbeville v. Cobb.

*Sheriff's interpleader—Rule for interpleader—Exceptions to rule—Hearing—Act of May 23, 1923.*

1. The Act of May 23, 1923, P. L. 346, relating to sheriff's interpleaders applies only to cases where no exceptions are filed.

2. Where upon a petition by the sheriff for a rule to show cause why an interpleader should not be granted to determine the ownership of chattels levied upon, exceptions are filed, the court cannot make the rule absolute until after hearing.

Rule for interpleader. Petition of claimant for leave to file her own bond. C. P. Delaware Co., June T., 1923, No. 1116.

*W. Roger Fronefield*, for plaintiff and exceptant; *Morton Z. Paul*, contra.

BROOMALL, J., June 2, 1924.—This case gives rise to the question to what extent the Act of May 23, 1923, P. L. 346, changes the practice with respect to rules for sheriff's interpleader issues.

The proceedings in this case are these: The plaintiff, having obtained judgment against William H. Cobb, issued execution, upon which the sheriff levied upon certain goods and chattels. Sarah E. Cobb, wife of the defendant, made claim to these goods and chattels and gave notice thereof to the sheriff. Whereupon, on Dec. 18, 1923, the sheriff petitioned the court for a rule on the claimant to show cause why an interpleader issue should not be framed to determine her ownership of the said goods and chattels. Thereupon a rule was granted, returnable Dec. 31, 1923, at 10 o'clock A. M., on Sarah E. Cobb

Farmers Bank of Abbeville v. Cobb.

to show cause why an issue should not be framed, "at which time said rule will be made absolute, unless exceptions thereto, sufficient in law, are filed by any of the parties interested." On Dec. 31, 1923, the claimant filed a claim of ownership not sworn to. On Jan. 2, 1924, the claimant filed a claim of ownership and statement of title, sworn to on Dec. 22, 1923, and entered a rule on the execution creditor to file an affidavit of defence. On the same day, the claimant filed a petition to give her own bond, wherein she states her claim of ownership and statement of title, duly sworn to. On Jan. 3, 1924, a rule was granted by the court, at the instance of the claimant, on the execution creditor to show cause why claimant shall not give her own bond, returnable Feb. 18, 1924, by proceedings to stay.

On Dec. 31, 1923, the execution creditor filed an exception to making the rule for an interpleader absolute, stating that the claimant had not filed a sworn statement under the Act of May 23, 1923, and demanded a hearing.

On Feb. 16, 1924, the execution creditor filed an answer to claimant's petition to file her own bond.

There are two matters presented to the court: 1. The plaintiff's application for a hearing on the sheriff's rule for an interpleader. 2. The application of the claimant, and exceptions thereto, to file her own bond.

The Act of 1923 applied to cases where no exceptions to the granting of the sheriff's rule are filed. It provides for two subjects to be considered upon the application to make the rule absolute; first, as to the law wherein the court is called upon to adjudge the application to be sufficient in law; and, second, as to the facts, with respect to which it is required that the claimant shall exhibit a sworn statement of title. This dispenses with a hearing where no exceptions have been filed. It has no application to the present case, because in the instant case an exception was filed and a hearing demanded. In response to this, we must grant an order fixing a hearing.

With respect to the claimant's application to file her own bond, with answer thereto, there must also be a hearing.

We, therefore, make an order that this case be set down for a hearing upon these two matters on Monday, July 7, 1924, at 10 o'clock A. M.

From A. B. Geary, Chester, Pa.